CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAR 26 2018

JULIA C. DUDLEY, CLERK
BY: /s/ H. Beeson
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| WILSON TROY GODFREY, | ) |
| Plaintiff, | ) |
| | ) Civil Action No. 7:16cv580 |
| v. | ) |
| NANCY A. BERRYHILL, | ) By: Michael F. Urbanski |
| Commissioner of Social Security, | ) Chief United States District Judge |
| Defendant. | ) |

## MEMORANDUM OPINION

This social security disability appeal was referred to the Honorable Robert S. Ballou, United States Magistrate Judge, pursuant to 28 U.S.C. § 636(b)(1)(B), for proposed findings of fact and a recommended disposition. The magistrate judge filed a report and recommendation on February 12, 2018, recommending that plaintiff's motion for summary judgment be denied, the Commissioner's motion for summary judgment be granted and the Commissioner's final decision be affirmed. Plaintiff Wilson Troy Godfrey has filed objections to the report, and this matter is now ripe for the court's consideration.

I.

Godfrey raised three arguments on summary judgment and makes the same three arguments in his objections to the magistrate judge's report and recommendation, taking issue with the magistrate judge's assessment of those arguments and his conclusions generally. The purpose of magistrate judge review is to conserve judicial resources. United States v. Midgette, 478 F.3d 616, 621 (4th Cir. 2007). To that end, the objection requirement

set forth in Rule 72(b) of the Federal Rules of Civil Procedure is designed to "train[ ] the attention of both the district court and the court of appeals upon only those issues that remain in dispute after the magistrate judge has made findings and recommendations." Id. (citing Thomas v. Arn, 474 U.S. 140, 147–48 (1985)). An objecting party must do so "with sufficient specificity so as reasonably to alert the district court of the true ground for the objection." Id. at 622.

> To conclude otherwise would defeat the purpose of requiring objections. We would be permitting a party to appeal any issue that was before the magistrate judge, regardless of the nature and scope of objections made to the magistrate judge's report. Either the district court would then have to review every issue in the magistrate judge's proposed findings and recommendations or courts of appeals would be required to review issues that the district court never considered. In either case, judicial resources would be wasted and the district court's effectiveness based on help from magistrate judges would be undermined.

Id.

The district court must determine de novo any portion of the magistrate judge's report and recommendation to which a proper objection has been made. "The district court may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); accord 28 U.S.C. § 636(b)(1).

If, however, a party "'makes general or conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations,'" de novo review is not required. Diprospero v. Colvin, No. 5:13-cv-00088-FDW-DSC, 2014 WL 1669806, at *1 (W.D.N.C. Apr. 28, 2014) (quoting Howard Yellow Cabs, Inc. v. United

2

States, 987 F. Supp. 469, 474 (W.D.N.C. 1997) (quoting Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982))). "The court will not consider those objections by the plaintiff that are merely conclusory or attempt to object to the entirety of the Report, without focusing the court's attention on specific errors therein." Camper v. Comm'r of Soc. Sec., No. 4:08cv69, 2009 WL 9044111, at *2 (E.D. Va. May 6, 2009), aff'd, 373 F. App'x 346 (4th Cir.), cert. denied, 131 S. Ct. 610 (2010); see Midgette, 478 F.3d at 621 ("Section 636(b)(1) does not countenance a form of generalized objection to cover all issues addressed by the magistrate judge; it contemplates that a party's objection to a magistrate judge's report be specific and particularized, as the statute directs the district court to review only *those portions* of the report or *specified* proposed findings or recommendations *to which objection is made*."). Such general objections "have the same effect as a failure to object, or as a waiver of such objection." Moon v. BWX Technologies, 742 F. Supp. 2d 827, 829 (W.D. Va. 2010), aff'd, 498 F. App'x 268 (4th Cir. 2012); see also Thomas v. Arn, 474 U.S. 140, 154 (1985) ("[T]he statute does not require the judge to review an issue de novo if no objections are filed").

Rehashing arguments raised before the magistrate judge does not comply with the requirement set forth in the Federal Rules of Civil Procedure to file specific objections. Indeed, objections that simply reiterate arguments raised before the magistrate judge are considered to be general objections to the entirety of the report and recommendation. See Veney v. Astrue, 539 F. Supp. 2d 841, 844-45 (W.D. Va. 2008). As the court noted in Veney:

> Allowing a litigant to obtain de novo review of her entire case by merely reformatting an earlier brief as an objection "mak[es] the initial reference to the magistrate useless. The functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. This duplication of time and effort wastes judicial resources rather

3

than saving them, and runs contrary to the purposes of the
Magistrates Act." Howard [v. Sec'y of Health & Human Servs.],
932 F.2d [505,] [] 509 [(6th Cir. 1991)].

539 F. Supp. 2d at 846. A plaintiff who reiterates his previously-raised arguments will not be given "the second bite at the apple []he seeks;" instead, his re-filed brief will be treated as a general objection, which has the same effect as would a failure to object. Id.

Godfrey's objections are, in large part, a reiteration of the arguments he raised on summary judgment and are not the type of specific objections required by Rule 72(b). However, the court has reviewed de novo those portions of the magistrate judge's report to which Godfrey properly objected and finds the ALJ's decision is supported by substantial evidence.

## II.

It is not the province of a federal court to make administrative disability decisions. Rather, judicial review of disability cases is limited to determining whether substantial evidence supports the Commissioner's conclusion that the plaintiff failed to meet his burden of proving disability. See Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990); see also Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966). In so doing, the court may neither undertake a de novo review of the Commissioner's decision nor re-weigh the evidence of record. Hunter v. Sullivan, 993 F.2d 31, 34 (4th Cir. 1992). Evidence is substantial when, considering the record as a whole, it might be deemed adequate to support a conclusion by a reasonable mind, Richardson v. Perales, 402 U.S. 389, 401 (1971), or when it would be sufficient to refuse a directed verdict in a jury trial. Smith v. Chater, 99 F.3d 635, 638 (4th Cir. 1996). Substantial evidence is not a "large or considerable amount of evidence," Pierce

v. Underwood, 487 U.S. 552, 565 (1988), but is more than a mere scintilla and somewhat less than a preponderance. Perales, 402 U.S. at 401; Laws, 368 F.2d at 642. If the Commissioner's decision is supported by substantial evidence, it must be affirmed. 42 U.S.C. § 405(g); Perales, 402 U.S. at 401.

### III.[1]

Godfrey objects generally to the magistrate judge's conclusion that substantial evidence supports the ALJ's decision to give limited weight to the opinions of Drs. Miller and Mann. Specifically, Godfrey argues that the magistrate judge "attempts to build a logical bridge between the evidence and the ALJ's findings" which "the ALJ did not build himself in her decision." Pl.'s Obj., ECF No. 24, at 1. The court cannot agree.

The ALJ is required to "'include a narrative discussion describing how the evidence supports each conclusion'" as to the varying degrees of weight given to differing opinions concerning the claimant's conditions and limitations. Monroe v. Colvin, 826 F.3d 176, 190 (4th Cir. 2016) (quoting Mascio v. Colvin, 780 F.3d 632, 636 (4th Cir. 2015)). In this case, the ALJ did just that. He walks through a detailed account of the medical history (R. 47-49), the opinion evidence, and then very clearly sets forth his reasons for giving less weight to the opinions of Drs. Miller and Mann (R. 50). The ALJ gave great weight to the reviewing state agency physicians, finding their opinions "are consistent with treatment notes, which indicate control of symptoms with rather conservative treatment; the claimant has often exhibited normal gait, and he has consistently had normal neurological findings." (R. 50.) As

---

[1] Detailed facts about Godfrey's impairments and medical and procedural history can be found in the report and recommendation (ECF No. 23) and in the administrative transcript (ECF No. 8). As such, they will not be repeated here.

5

regards the opinions of Drs. Miller and Mann, the ALJ accorded them "limited weight," with "less weight" given to Dr. Miller's opinion. The ALJ explained:

> As the discussion of the medical evidence of record above indicates, physical examination findings and the conservative course of treatment are indicative of greater functional ability than they described. Dr. Miller's opinion is accorded less weight because the postural limitations in his opinion are too severe compared to the record, and he described a rate of absenteeism that is out of proportion to the medical record, which indicates control of the claimant's knee pain with orthovisc injections. Treatment notes from these sources do not support the severity of limitations they described.

(R. 50.) This explanation, coupled with the ALJ's exhaustive look at the medical records and summary findings (R. 47-50), build the "logical bridge" required by the case law and allow the court to engage in meaningful judicial review.

In his objections, Godfrey cites evidence he claims the magistrate judge and/or the ALJ ignored. For instance, Godfrey argues—twice—that the ALJ and the magistrate judge ignored the fact that Dr. Mann stated Godfrey would need a total knee replacement in the future. This simply is not true. The ALJ expressly noted that Dr. Mann said Godfrey would need a total knee replacement at some point in the future. (R. 49.) The ALJ also took into account the imaging which showed "bone on bone medial compartmental osteoarthritis of the bilateral knees" in June 2013. (R. 49.) He went on to note the subsequent medical records which, taken as a whole, do not support the degree of limitation opined by Drs. Miller and Mann.

Nor did the ALJ ignore evidence in which Godfrey stated he did not receive relief from injections. The ALJ noted in his decision that Godfrey "reported that cortisone shots 'really don't help,' except for 'knock[ing] the edge off.' He reported the pain never really

6

goes away, even with injections." (R. 47; see also R. 50 ("He testified that the orthovisc injections 'really don't help,' but he has reported significant benefit from them at treatment visits and requested additional injections, indicating that they do help.").) The ALJ goes on to discuss a number of medical records in which Godfrey, in fact, does report receiving relief from injections. Contrary to Godfrey's suggestion on brief, the ALJ does not find him to be free of knee pain during the relevant period; rather, the ALJ correctly concludes that "the medical evidence of record is not congruent with the severity of limitations he has alleged." (R. 50.)

The ALJ's exhaustive account of the treatment records belie Godfrey's claim that he "cherry-picked" evidence. Godfrey also argues the ALJ erred in relying on the opinions of the state agency physicians because they "rendered their opinions prior to additional medical evidence that occurred after they rendered their opinions and consequently, their opinions are deficient." Pl.'s Obj., ECF No. 24, at 3. The fact that Godfrey continued to receive treatment after the state agency physicians rendered their opinions does not make the opinions "deficient." It is clear the ALJ considered at length the medical evidence in the record that follows the state agency physicians' opinions and determined that their opinions were "consistent with treatment notes, which indicate control of symptoms with rather conservative treatment." (R. 50.)

There is no merit to Godfrey's objection as to the opinion evidence. The ALJ's decision to give limited weight to the opinions of Drs. Miller and Mann, with less weight to Dr. Miller, is supported by the evidence of record and consistent with the requirements of 20 C.F.R. §§ 404.1527(c)(2)-(6), 416.927(c)(2)-(6). The ALJ's explanation is sufficient to

allow for meaningful judicial review, and the court finds no error in the magistrate judge's decision in this regard.

## IV.

Godfrey's objection concerning the ALJ's function-by-function analysis is taken largely from his summary judgment brief and his objection concerning the ALJ's treatment of the opinion evidence, discussed in detail above. The court need not address these rehashed arguments. See Veney v. Astrue, 539 F. Supp. 2d 841, 846 (W.D. Va. 2008).

The court notes, however, that it rejects Godfrey's contention on both summary judgment and in his objections that the ALJ is required to make specific findings about whether his limitations would cause him to lie down during the day, to frequently change positions to the point he cannot maintain work activity, and to have difficulty concentrating and focusing due to pain. In so arguing, Godfrey cites Nelson v. Berryhill, No. 7:15-CV-573, 2017 WL 782938, at *1 (W.D. Va. Feb. 28, 2017), an opinion decided by the magistrate judge who authored the report and recommendation in the instant case. Nelson does not stand for the proposition that the ALJ is required to make specific findings as to each and every limitation alleged by the plaintiff, contrary to Godfrey's suggestion on brief. Rather, in Nelson the magistrate judge determined remand was appropriate "because the ALJ's opinion [left] the court to guess at how he reached his conclusions regarding Nelson's RFC." 2017 WL 782938, at *1 (citing Mascio, 780 F.3d at 636 and Monroe, 826 F.3d. at 189). The same cannot be said here. In the instant case, the ALJ sufficiently explained his decision to discredit Godfrey's testimony as to the degree and severity of his functional limitations

resulting from his impairments and, accordingly, contains specific analysis allowing for meaningful review. Monroe v. Colvin, 826 F.3d 176, 189 (4th Cir. 2016).

V.

Godfrey objects generally to the magistrate judge's determination that the ALJ's credibility finding is supported by substantial evidence and, in this third and final objection, reiterates arguments he raised in the previous two objections concerning evidence the ALJ allegedly "ignored." The court has considered and addressed all of these arguments and need not reiterate its analysis here. Suffice it to say the ALJ adequately explained his reasons for not finding Godfrey entirely credible as to the extent and degree of his functional limitations. The ALJ discussed Godfrey's medical history, his subjective complaints, and the opinions of both the treating and non-treating physicians and concluded Godfrey's credibility is "weakened by inconsistencies between the extent of his allegations and the objective medical evidence." (R. 51; see also R. 50 ("[T]he medical evidence of record is not congruent with the severity of limitations he has alleged.")).

In short, the ALJ conducted a proper credibility analysis in this case. Credibility determinations are emphatically the province of the ALJ, not the court, and courts normally should not interfere with these determinations. See, e.g., Chafin v. Shalala, No. 92–1847, 1993 WL 329980, at *2 (4th Cir. Aug. 31, 1993) (per curiam) (citing Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990) and Thomas v. Celebrezze, 331 F.2d 541, 543 (4th Cir. 1964)); Melvin v. Astrue, 6:06 CV 00032, 2007 WL 1960600, at *1 (W.D. Va. July 5, 2007) (citing Hatcher v. Sec'y of Health & Human Servs., 898 F.2d 21, 23 (4th Cir. 1989)).

## VII.

The court has reviewed the magistrate judge's report, the objections to the report, and the administrative record and, in so doing, made a de novo determination of those portions of the report to which Godfrey properly objected. The court finds that the magistrate judge was correct in concluding that there is substantial evidence in the record to support the ALJ's decision. As such, the magistrate judge's report and recommendation will be adopted in its entirety.

An appropriate Order will be entered to that effect.

Entered: March 26, 2018

/s/ Michael F. Urbanski

Michael F. Urbanski
Chief United States District Judge